CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RAMON ROSARIO,** | ) | **CASE NO. 7:18CV00255** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **M. BRECKON,** | ) | **By: Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Ramon Rosario, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), 28 U.S.C. § 2255(e), and Burrage v. United States, 571 U.S. 204 (2014), Rosario seeks to invalidate the sentence imposed on him by the United States District Court for the Middle District of Florida in September of 1998, Case No. 98-100-cr-Orl-22c (S1). Upon review of the record, the court concludes that the respondent's motion to dismiss the petition must be granted.

I.

On March 21, 1998, emergency medical services ("EMS") personnel responded to a possible overdose at a residence in Orlando, Florida.[1] When EMS arrived, they encountered James Rosenblum, a 17-year-old male, who was suffering from respiratory failure and an apparent drug overdose. His mother was administering CPR. EMS administered oxygen and Narcan, a drug that counteracts an opiate overdose, and transported him to a hospital. There, he received further treatment and was admitted to the intensive care unit in critical condition. Toxicology testing

[1] The facts and procedural history, which are not disputed, are taken from the parties' submissions, including the copies of documents from Rosario's criminal proceedings attached to the motion to dismiss and court records available online.

revealed the presence of heroin hydrochloride and marijuana in Rosenblum's system. He also reported having ingested alcohol, antihistamines and antibiotics. His treating physician ultimately diagnosed Rosenblum as having suffered a heroin overdose. He remained in intensive care for two days.

The investigating agent learned from Rosenblum that he had purchased the heroin he ingested from Karlos Vazquez on March 20, 1998. The agent then interviewed Vazquez, who admitted providing the heroin to Rosenblum after purchasing it from Rosario.

A grand jury of the United States District Court for the Middle District of Florida returned a superseding indictment, charging Rosario with conspiring to possess heroin with intent to distribute, in violation of 28 U.S.C. § 846. Rosario v. United States, No. 99-6304 (M.D. Fl.). On June 17, 1998, Rosario pleaded guilty to the charge, pursuant to a written plea agreement.

The presentence investigation report ("PSR") recited the offense conduct summarized here and recommended that Rosario should be held accountable for 2.6 grams of heroin and the distribution of heroin that caused Rosenblum's near-fatal overdose. See gen. Mot. Dism. Ex. 4, ECF No. 14. As such, the PSR found that under 28 U.S.C. § 841(b)(1)(C), because the distribution resulted in "serious bodily injury," Rosario was subject to a mandatory minimum sentence of 20 years in prison and a maximum of life. Under § 2D1.1(a)(2) of the U.S. Sentencing Guidelines Manual ("USSG"), because the offense resulted in serious bodily injury, the PSR assigned Rosario's Base Offense Level at 38. With a three-point reduction for acceptance of responsibility, his Total Offense Level was calculated at 35. The PSR also calculated that Rosario, at age 21, had a Criminal History Category VI. Thus, his mandatory sentencing guideline range was 292 to 365 months (24 years, 4 months, to 30 years, 5 months).

At the sentencing hearing on September 11, 1998, the government moved for the sentence enhancements outlined in the PSR. Rosenblum's treating physician testified that Rosenblum's condition on March 21, 1998, presented a serious risk of loss of life without treatment, based on reports that when EMS arrived, he had no pulse and was not breathing, and on his condition upon arrival at the hospital. Mot. Dism. Ex. 2, at 10, ECF No. 11-2. The doctor also testified that although Rosenblum had ingested a combination of small amounts of other substances, without the heroin, these other substances combined would not have caused respiratory failure. Id. at 20. The doctor affirmed that in her opinion, Rosenblum "was experiencing a heroin overdose when he came to the hospital." Id. at 21-22.

The court accepted the PSR and agreed that the evidence supported application of the § 841(b)(1)(C) statutory enhancement and USSG § 2D1.1(a)(2), placing the base offense level at 38. The court granted Rosario a three-point reduction for acceptance of responsibility and sentenced him to 292 months in prison, the bottom of the guideline range. Rosario is currently in custody at the United States Penitentiary in Lee County, Virginia. His projected release date is July 15, 2024. See https://www.bop.gov/inmateloc/ (search BOP Register Number 23086-018).

Rosario appealed the judgment, arguing that his enhanced sentence was so much greater than the actual offense sentence that the district court should have applied a clear and convincing evidence standard, instead of a preponderance of the evidence standard. The Eleventh Circuit Court of Appeals affirmed the judgment. United States v. Rosario, 181 F.3d 108 (11th Cir. 1999) (unpublished), cert. denied, 528 U.S. 978 (Nov. 1, 1999).

Rosario filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for Middle District of Florida. The court dismissed his

motion on December 8, 2000, as time barred. Rosario v. United States, No. 6:00cv1533cvORL22C (M.D. Fl. 2000), aff'd, 31 F. App'x 938 (11th Cir. 2002).

While Rosario was confined at a federal prison in South Carolina, he filed a § 2241 petition in the United States District Court for the District of South Carolina. Rosario v. F.C.I. Bennettsville, No. 9:16CV00033 (D.S.C.). He argued that the Florida district court improperly enhanced his sentence from 24 months to 24 years, when he was, in fact, actually innocent of the facts necessary to support that enhancement in light of Burrage, 134 S. Ct. at 892 (holding that defendant cannot have sentence enhanced under 21 U.S.C. § 841(b)(1)(C) where the use of a drug he distributed was not "but-for" cause of the death or injury). The South Carolina district court dismissed the petition upon finding that the Fourth Circuit had not, at that time, held that a federal defendant could use a § 2241 petition to challenge the validity of his sentence as imposed. Rosario v. F.C.I. Bennettsville, No. 9:16CV00033, 2016 WL 4951163, *3 (D.S.C. Aug. 10, 2016).

In the present petition under § 2241, Rosario seeks relief under Wheeler, 886 F.3d at 423, in which the Fourth Circuit recognized limited circumstances where a federal defendant may bring a § 2241 claim challenging his sentence as imposed. Rosario contends that his enhanced sentence is unconstitutional because he "is actually innocent of the overdose/body injury enhancement sentence in light of" Burrage. Mem. Supp. Pet. 3, ECF No. 1-1. The respondent has filed a motion to dismiss, and Rosario has responded, making the matter ripe for disposition.

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus

under § 2241 petition challenging a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[2]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. In evaluating the substantive law in a savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019) (applying analysis in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) regarding § 2241 challenge to the legality of conviction). The Florida district court where Rosario was convicted is within the Eleventh Circuit. 28 U.S.C. § 41.

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

Accordingly, while the court must apply the procedural standard in Wheeler,[3] it must do so using Eleventh Circuit substantive law. Id.

Rosario has shown under the second Wheeler factor, that after his conviction, the settled substantive law related to that conviction changed when the Supreme Court decided Burrage. In Burrage, the Court held that to apply the statutory sentence enhancement under § 841(b)(1)(C), the government must meet a "but for" causation test, by proving that "but for" the drug that the defendant distributed, the overdose victim would not have died or suffered bodily harm. 571 U.S. at 211-17. The Court also held that "[b]ecause the 'death results' enhancement [in § 841(b)(1)(C)] increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." Id. at 210.

Rosario's § 2241 petition fails, however, because he cannot show as required under the second Wheeler factor that the changes wrought by the Burrage decision are "deemed to apply retroactively on collateral review." Wheeler, 886 F.3d at 429. On the contrary, the Eleventh Circuit and other courts within that circuit have held that Burrage does not apply retroactively on collateral review. Herrera v. Warden, FCC Coleman, 596 F. App'x 859, 861 (11th Cir. 2015); United States v. Bourlier, No. 3:10CR30/MCR/EMT, 2014 WL 6750674, at *2 (N.D. Fla. Dec. 1, 2014) (citing other cases); Alvarez v. Hastings, No. CV214-070, 2014 WL 4385703, at *1 (S.D. Ga. Sept.5, 2014) (citing Eleventh Circuit's decision denying petitioner's application for leave to file second or successive 2255 motion based on Burrage, implicit in which is the conclusion that Burrage is not retroactively applicable). The Fourth Circuit has also declined to hold that Burrage

[3] The court notes that the Eleventh Circuit has expressly held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1085-86 (11th Cir. 2017) (en banc) (citing 28 U.S.C. § 2255(e)). Thus, Rosario's Burrage claim under § 2241 would be soundly rejected in a court within that circuit.

is retroactively applicable to cases on collateral review. See, e.g., Atkins v. O'Brien, 148 F. Supp. 3d 547, 552 (N.D. W.Va. 2015) (declining to apply Burrage retroactively and citing other cases), aff'd, 647 F. App'x 254 (4th Cir. 2016) (affirming "for the reasons stated by the district court"). Based on this precedent, the court concludes that Rosario has not satisfied the second Wheeler factor.

Moreover, "Burrage has not been held to apply to the Sentencing Guidelines." Young v. Antonelli, No. CV 0:18-1010-CMC-PJG, 2019 WL 4044113, at *2 (D.S.C. Jan. 23, 2019), report and recommendation adopted, No. CV 0:18-1010-CMC, 2019 WL 3162398 (D.S.C. July 16, 2019). Since Burrage, many courts have reached the conclusion that its holding applies only to the statutory death enhancement found in 21 U.S.C. § 841 and not to the corollary enhancements found in the Sentencing Guidelines. See, e.g., id. (citing Perez-Colon v. O'Brien, Civil Action No. 1:14CV119, 2016 WL 7168186, at *6 (N.D. W. Va. Dec. 8, 2016) (holding that Burrage "does not apply . . . where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(C)"); Powell v. United States, Civil No. 3:09CV2141(EBB), 2014 WL 5092762, at *1 (D. Conn. Oct. 10, 2014) ("Powell's reliance on Burrage is misplaced for many reasons, not the least of which is that the murder cross-reference guideline is only a sentencing factor, not an element of the offense of conviction and, as such, is not affected in any way by Burrage, and the rule it announced does not render him actually innocent of the sentence enhancement."). Thus, Rosario's reliance on Burrage to challenge the application of the bodily injury guideline in his case is misplaced.

For the reasons stated, the court concludes that Rosario cannot meet the Wheeler factors required to proceed under § 2241 and the savings clause to have his sentence revisited. Accordingly, the court will grant the motion to dismiss and dismiss Rosario's petition without

prejudice for lack of jurisdiction. Wheeler, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional). An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

**ENTER**: This 11th day of September, 2019.

Senior United States District Judge